Michael L. Witwer appeals the judgment of the Municipal Court of Marysville, overruling his motion to suppress evidence, and asserts a single assignment of error with the trial court's judgment.
 It was "unreasonable," within the meaning of the Fourth Amendment, for the officer to detain appellant after the officer determined that the passenger did not need further assistance; therefore, the trial court erred in overruling the suppression motion.
On the night of Friday, April 30, 1999 at approximately 10:42 P.M., Village of Plain City police officer Dale McKee was on patrol and was traveling east on West Main street in Plain City. At this time, he came upon a red truck traveling at a slow speed with the passenger-side door partially open. The person in the passenger seat was leaning out the door and appeared to be vomiting. Officer McKee initiated a stop of the truck and approached the driver's side of the vehicle.
 Q: And as of that time Mr. Witwer had not committed any violations, or given you any reason to believe that he had done something wrong?
 A: Except when he was speaking to me, I noticed a strong odor of alcoholic beverage.
Q: But you said you were speaking to the passenger.
A: Right, but I spoke with him first.
Q: What did you say to him?
 A: I'd asked him to roll, finish rolling down the window, and I asked him if the driver was okay, or the passenger was okay. Then I checked on the passenger.
* * * *
 Q: And other than speaking through the window to the passenger, you had no other contact or meaningful conversation with Mr. Witwer, did you?
A: Just when I approached the vehicle.
Q: And told him, put the window down.
 A: Right. And asked him if the driver — asked him what the problem was.
Q: And he told you the man was being sick.
 A: Right. First he told me that he had thought I had stopped him because he made a wrong turn, and he rolled the window halfway down. He said, "I made a wrong turn. I know what I did."
 I asked him to finish rolling down the window. I asked him what the problem was, why the passenger was hanging out the side of the door. He said the passenger was getting sick. I then checked on the passenger, to see if he was okay.
As the defendant answered Officer McKee's initial questions, the Officer "noticed a strong odor usually associated with alcoholic beverage on or about [the defendant's] person." Officer McKee asked the defendant to produce his driver's license, and observed that the defendant "fumbled for his wallet. It took him a few minutes to find it."
Officer McKee next asked the defendant to step out of the truck to perform some stability tests, and noticed that the defendant stumbled as he walked. Officer McKee then asked the defendant to perform a one-leg stand, but the defendant refused to do so and told the Officer that "they were probably going to fight." The defendant admitted that he had had several drinks at a restaurant that evening, but could not recall the name of the restaurant. Although the defendant refused to perform a one-leg stand, he did comply when asked to perform a "walk-and-turn" test, but Officer McKee observed that he performed "poorly" on the test. Officer McKee also noticed that the defendant had slurred speech and that his eyes were "glossy and red." The defendant was subsequently placed under arrest for Operating a Motor Vehicle Under the Influence, and filed a motion to suppress evidence obtained from the stop. The trial court overruled that motion, and the defendant pled no contest to the charge.
On appeal, defendant does not argue that Officer McKee lacked authority to initiate a traffic stop. Instead, defendant asserts that Officer McKee's actions exceeded the permissible scope of the stop. Defendant correctly observes that "[a]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer (1983),460 U.S. 491, 500. Citing State v. Chatton (1984), 11 Ohio St.3d 59,61-64, defendant argues that once Officer McKee determined that defendant's passenger did not require any help, he should have ended the traffic stop.
We disagree. In this case, Officer McKee obtained other evidence during the initial moments of the stop sufficient to justify further detention. Defendant's initial statement that he had made a wrong turn, his reluctance to entirely roll down the window, and his odor of alcohol, in addition to his decision to continue to drive down the road at a slow speed while his passenger vomited out an open door, provided Officer McKee with ample specific and articulable facts sufficient to justify further investigation after ensuring the passenger's safety. Moreover, his fumbling when searching for his driver's license, taken together with the foregoing, provided reasonable justification for Officer McKee to request the defendant to perform field sobriety tests.
For the foregoing reasons, defendant's sole assigned error is overruled, and the judgment of the Marysville Municipal Court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.